UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 21-111-DCR-10 |
| ) | |
| V. ) | |
| ) | |
| CURTIS DEWAYNE MILLER, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The parties have filed motions *in limine* in advance of Defendant Miller's re-trial, which is scheduled to begin on December 13, 2022. The United States requests that the Court exclude evidence of Defendant Miller's prior trial. [Record No. 349] Defendant Miller has moved to: (1) limit the repetitive use of the defendant's nickname at trial; (2) exclude evidence of guilty pleas or convictions of co-defendants who do not testify; and (3) sequester witnesses. [Record No. 354]

### 1. Evidence of the Defendant's Previous Trial

The United States moves to exclude evidence of Defendant Miller's prior trial, which was declared a mistrial due to a deadlocked jury on November 3, 2022. [*See* Record No. 334.] It argues that any mention of the prior trial is irrelevant under Rule 401 of the Federal Rules of Evidence and that even if the evidence is relevant, it should be excluded as unfairly prejudicial pursuant to Rule 403 of the Federal Rules of Evidence. [Record No. 349, pp. 1-2] It explains that, while "the Defendant is entitled to question witnesses on any prior inconsistent statements given under oath," mentioning "the proceeding in which the witness' prior

- 1 -

testimony was given . . . is irrelevant." [*Id.* at p. 1] The government further argues that reference to the prior trial should be excluded under Rule 403 because the evidence could "lead to speculation by the jury prejudicing one or both parties." [*Id.* at p. 2] The defendant does not object to the United States' request.

Rule 402 of the Federal Rules of Evidence provides "that evidence is admissible if it is 'relevant.'" *United States v. Dunn*, 805 F.2d 1275, 1281 (6th Cir. 1986). Rule 401 defines "relevant evidence" as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," and that "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may nevertheless exclude evidence that is relevant under Rule 401 if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

District courts enjoy "broad discretion in determining the relevancy of evidence and in passing upon its admissibility under Rule 401." *Id.* That said, "the 'better practice' is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds." *Middleton v. SelecTrucks of Am., LLC*, 589 F. Supp. 3d 687, 691 (W.D. Ky. 2022) (citation omitted). As such, a court's ruling *in limine* is "no more than a preliminary, or advisory, opinion" that may be altered or amended at trial. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)).

In this case, evidence of the defendant's previous trial, or of the jury's inability to reach a verdict in that trial, is not probative of the defendant's guilt or innocence and so is irrelevant. *See Crouch v. John Jewell Aircraft, Inc.*, No. 3:07-CV-638, 2016 WL 9459354, at * 2 (W.D. Ky. Mar. 29, 2016) (granting motion *in limine* to exclude evidence of a prior trial, "including

the verdict resulting from the action, or otherwise indicat[ing] that other litigation between [the parties] has occurred," and noting that while "referring to the verdict of a prior case is typically prohibited, . . . mentioning testimony that was provided in a prior trial is not categorically prohibited"); *see also United States v. Arrington*, No. 15-CR-33, 2022 WL 4077685, at *3 (W.D. N.Y. Sept. 6, 2022) (granting government's motion to exclude reference to prior trial, as "the Court cannot fathom how mentioning the prior trial or its result would be relevant in the retrial"). *See generally United States v. Benton*, 852 F.2d 1456, 1462 (6th Cir. 1988) ("[A] hung jury is [not] the equivalent of an acquittal.") (citation omitted).

But even if mention of the previous trial was relevant, it should be excluded under Rule 403 because "remarking on the prior trial or its outcome would certainly confuse and mislead the new jury, and unfairly prejudice the government." *Arrington*, 2022 WL 4077685, at *3. Accordingly, the parties, attorneys and witnesses will be prohibited from referring to the defendant's prior trial or otherwise suggesting that this case has been previously tried. If either party seeks to impeach a witness with that witness's testimony from the first trial, the party should refer to the witness's testimony in a prior "proceeding" without commenting that the "proceeding" was an earlier trial of the defendant's case.

### 2. Evidence of the Defendant's Nickname

Defendant Miller asks the Court to limit reference to his nickname, "Bodyguard" or "Bodyguard #1," during the upcoming trial. [Record No. 354, p. 2] He argues that excessive use of the nicknames would be unfairly prejudicial because, aside from one co-conspirator, "no one in the case identified him by this name nor did Defendant use or accept the use of this nickname for himself." [*Id.* at p. 2]

The United States disagrees, contending that the evidence helps identify the defendant because "Miller was known to law enforcement and referred to by members of the conspiracy as 'Bodyguard' or 'Bodyguard 1.'" [Record No. 358, p. 2] Additionally, the government notes that it will not introduce evidence of the nickname "in such a way which would prejudice the defendant or suggest improper character evidence." [*Id.*]

"As a general rule, [courts] disfavor the use of aliases in indictments and at trial, and permit their use only when they are relevant to identify the defendant." *United States v. Williams*, 158 F. App'x 651, 654 (6th Cir. 2005) (citing *United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir.1972)). However, "as long as the alias assists in identifying the defendant, it is relevant and admissible." *Id.* at 655.

In *Williams*, the Sixth Circuit upheld a district court's decision to admit evidence of the defendant's alias because some witnesses only knew the defendant by the alias. *Id.* The court emphasized that, in addition to being relevant for the purpose of identifying the defendant, evidence of the alias was not unduly prejudicial because "the government did not emphasize the alias in a way that would predispose the jury against [the defendant] or suggest improper character inferences." *Id.* But see *Wilkerson*, 456 F.2d at 59 (finding that use of defendants' aliases at trial was improper because government did not offer proof of the aliases and used the evidence "to indicate to the jury that people who use aliases are inherently suspect").

Evidence of Miller's nickname is relevant for the purpose of identifying the defendant. Defense counsel admits as much when he states that at least one witness "only knew Defendant [Miller] by his nickname." [Record No. 354, p. 2] Counsel for the defendant instead asks that the Court only admit evidence of the nickname when used by the co-conspirator who knew Miller by that name, and to prohibit the parties from using the nickname repetitively. The

- 4 -

Court sees no reason to preemptively limit the admission of evidence prior to trial when its relevance has been established and there has been no indication that the government seeks to use the evidence unfairly. The defendant's requested prophylactic relief would best be addressed through specific objections during trial, where "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010).

### 3. Guilty Pleas and Convictions of Non-Testifying Co-Defendants

Miller next asks the Court to exclude the guilty pleas and convictions of any co-conspirators who do not testify at his trial. [Record No. 354, pp. 2-3] He admits that evidence of a witness's guilty pleas or convictions is admissible to challenge the credibility of that witness, but contends that the guilty pleas and convictions of Miller's co-defendants who do not testify at his trial are inadmissible. [*Id.*] The government states in response that it does not intend to use the guilty pleas or convictions of other co-conspirators as substantive evidence. [Record No. 358, p. 2]

The Sixth Circuit has recognized that "[a] codefendant's guilty plea may not be used as substantive evidence of a defendant's guilt . . . [but] if the codefendant testifies . . . either the government or the defense may elicit evidence of a guilty plea for the jury to consider in assessing the codefendant's credibility as a witness." *United States v. Blanford*, 33 F.3d 685, 709 (6th Cir. 1994) (quoting *United States v. Martinez-Nava*, 838 F.2d 411, 416 (10th Cir. 1988)); *see also United States v. Christian*, 786 F.2d 203, 214 (6th Cir. 1986) ("[W]hen the prosecution examines the codefendant as its witness . . . a question about the guilty plea is legitimate as the purpose is to support the reasonableness of the witness' claim to firsthand knowledge because of admitted participation in the very conduct which is relevant.").

Conversely, "convictions and guilty pleas generally are not admissible for credibility purposes if the co-conspirator or co-defendant does not testify, and convictions and guilty pleas of co-conspirators or co-defendants other than the witness are not admissible to attack or bolster the witness's credibility." *United States v. Sanders*, 95 F.3d 449, 454 (6th Cir.1996) (citation omitted). Evidence of guilty pleas or convictions in a trial involving multiple co-conspirators poses a particularly high risk of unfair prejudice to a defendant, aggravating the concern that the defendant on trial "will be found guilty by sheer association with guilty non-testifying co-defendants." *United States v. Ofray-Campos*, 534 F.3d 1, 22 (1st Cir. 2008). Admitting the guilty pleas and convictions of non-testifying co-conspirators would unfairly prejudice Defendant Miller under Rule 403. *See Sanders*, 95 F.3d at 454. As such, any evidence of guilty pleas and/or convictions will be excluded as substantive evidence regarding co-defendants who do not testify. The guilty plea and/or convictions of testifying co-defendants will be admissible only to assess that witness's credibility.

### 4. Sequestration of Witnesses

Finally, Miller asks the Court to sequester witnesses for the duration of his trial. [Record No. 354, p. 3] The United States does not object to the request except for its primary case agent, Sabrina Hager. [Record No. 358, pp. 3-4] District courts have broad discretion to order witnesses excluded pursuant to Rule 615, for the dual purpose of "prevent[ing] witnesses from tailoring testimony to that of other witnesses [and] aid[ing] in detecting false testimony." *United States v. Green*, 305 F.3d 422, 428 (6th Cir. 2002). Defendant Miller's request to sequester witnesses will accordingly be granted regarding all witnesses except Agent Hager.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The United States' motion *in limine* to exclude evidence or testimony regarding Defendant Curtis Miller's previous trial [Record No. 349] is **GRANTED**.

2. Defendant Miller's motion *in limine* [Record No. 354] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   A. Defendant Miller's request to limit reference to his nickname, "Bodyguard" or "Bodyguard #1," at trial is **DENIED**.

   B. Defendant Miller's request to exclude evidence of the guilty pleas and convictions of non-testifying co-defendants is **GRANTED**. However, the guilty pleas and convictions of testifying co-defendants will be admissible for the limited purpose outlined above.

   C. Defendant Miller's request to sequester witnesses pursuant to Rule 615 of the Federal Rules of Evidence is **GRANTED, IN PART** and **DENIED, IN PART**. With the exception of ATF Agent Sabrina Hager, all witnesses will be **SEQUESTERED** so they cannot hear the testimony of other witnesses, either directly or indirectly.

Dated: December 6, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky